■ In the Matter of SOL MYERS, Respondent, v. EDMUND BLAISE et al., Appellants. EDMUND BLAISE et al., Appellants, v. SOL MYERS, Respondent.— *Per Curiam.* Appeal from two orders of the County Court of Essex County which granted summary judgments in two actions involving possession of real property. In the first, a summary proceeding by the landlord against alleged holdover tenants, the County Court granted summary judgment to the landlord and struck out the equitable counterclaim and defense of the defendants. In the second action, brought under article 15 of the Real Property Law, the supposed tenants sought to determine the title to the land. The County Court likewise granted summary judgment to the landlord holding the Statute of Frauds a complete defense. The appellants assert (1) an oral contract to purchase, and, (2) the belief that the leases they signed were actually no more than assignments of moneys to become due from the sale of milk. The alleged tenants in these proceedings raised questions of fraudulent inducement in regard to leases they signed and further claim that they in fact are entitled to ownership of the premises. Though the part performance they claim, substantial payment of the purchase price, is consistent with the landlord's claim that they were merely paying rent, the issue of fraud was seriously raised by the affidavits in the record and was not satisfactorily determined on summary judgment. When a question of fraud is raised parol evidence may be taken (*Sabo* v. *Delman,* 3 N Y 2d 155). Furthermore, the alleged oral contract of purchase may be taken out of the Statute of Frauds by proof of substantial or part performance (see *Sleeth* v. *Sampson,* 237 N. Y. 69). In this case there was not only part payment, but use, possession and enjoyment. The factual question of part performance, therefore, is seriously raised (Real Property Law, § 265; *Gracie Sq. Realty Corp.* v. *Choice Realty Corp.,* 305 N. Y. 271, 281). On the motion for summary judgment no evidence, of course, was taken as to another aspect of part performance, the question of substantial improvements alleged to have been made by the tenants. This is an important element in their attempt to prove a contract (see *Cain* v. *Wood,* 14 A D 2d 933). The issues thus demonstrated required the denial of summary judgment. Only after a full trial on the merits could a court properly determine the issues here raised (*Roberts* v. *Fulmer,* 301 N. Y. 277; see *Standard Oil Co.* v. *Boyle,* 231 App. Div. 101). We are of the opinion that the County Court was also incorrect in holding that it could not determine the alleged tenants' equitable counterclaim in the landlord's summary proceedings. Our decision upon the prior appeal was to the contrary (*Matter of Myers* v. *Blaise,* 18 A D 2d 745). A County Court has the same powers as the Supreme Court in a case involving title and specific performance (Judiciary Law, §§ 190, 190-b; 1 Carmody-Wait, N. Y. Prac., Courts and Their Jurisdiction, §§ 107, 110). Judgments and orders reversed, on the law and the facts, with costs to appellants; and motion denied, without costs. Gibson P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.