OPINION OF THE COURT

Per Curiam.

Final judgment entered September 14, 1981 is modified to the extent of awarding landlord a money judgment in the sum of $39.79 and, as so modified, is affirmed, without costs.
Does the willful refusal of a landlord to make necessary repairs give rise to a right on the part of a tenant to have the repairs made and to set off the reasonable cost of those repairs against rent claimed? In Jackson v Rivera (65 Misc 2d 468), and Amanuensis, Ltd. v Brown (65 Misc 2d 15), the court (Sandler, J.) answered that question in the affirmative (see, also, Garcia v Freeland Realty, 63 Misc 2d 937), *17 where the landlord had not made a good-faith effort to cure violations which affected the habitability of the premises and code enforcement remedies had not been effective and substantial violations existed as part of the landlord’s purposeful effort to force tenants to move. Thus quite aside from the warranty of habitability, after a tenant notifies the landlord that repairs are necessary and after the landlord fails in due course to make those repairs, the tenant may make the necessary repairs himself and charge the cost to the noncomplying landlord; the cost of repair represents the tenant’s measure of damage (2 Rasch, New York Landlord and Tenant [2d ed], § 594; Matter of McKownville Fire Dist. v Bryn Mawr Bookshop, 54 AD2d 371, 375-376).
While Jackson v Rivera (supra), Amanuensis, Ltd. v Brown (supra), and Garcia v Freeland Realty (supra), all preceded the enactment of section 235-b of the Real Property Law (warranty of habitability), we believe that the warranty of habitability itself gives rise to a right of the tenant to have habitability impairing conditions repaired and to set off the reasonable cost of those repairs against rent claimed, when the landlord has willfully refused to make those repairs (cf. Villa Victoria Realty v Glass, NYLJ, July 1, 1981, p 10, col 6). After tenant affords landlord due notice of a condition falling within the scope of the warranty of habitability, and upon landlord’s failure to remedy same, the tenant may undertake to remedy that condition and is entitled under the warranty to recoup from the landlord the reasonable cost incurred in remedying the habitability impairing condition. The Governor’s memorandum accompanying the signing of section 235-b of the Real Property Law indicates that section 235-b contemplates such a result. More specifically, the Governor there observed: “Tenants have utilized the doctrine [of the warranty of habitability] affirmatively as well as defensively; as a counterclaim, set-off, and defense in nonpayment of rent proceedings. The remedies have been complete or partial abatement of rent and reimbursement for repairs made by the tenants themselves. It will be the *18 courts’ function to fashion remedies appropriate to the facts of each case.” (NY Legis Ann, 1975, p 438; emphasis added.) The court below properly afforded tenant a setoff, against rent claimed, of the cost of making necessary repairs.
In addition we conclude that landlord’s refusal to accept tenant’s tender of $39.79 in open court should not be deemed a waiver of landlord’s entitlement to recover that amount, and accordingly a money judgment in that amount is awarded in favor of the landlord.
Hughes, J. P., Riccobono and Sullivan, JJ., concur.