Linda Charles, Appellant,
against
751 Union St., LLC, Respondent. 




Linda Charles, appellant pro se.
Sean Smith, Esq., for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Lisa S. Ottley, J.), entered September 28, 2015. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the sum of $5,000 from defendant, her landlord, for expenses plaintiff incurred in repairing her apartment. At a nonjury trial, plaintiff testified that after she had noticed a strong mildew odor in her apartment, she hired a mold inspection company to test her apartment before notifying defendant of the condition. The parties then exchanged a series of letters regarding the alleged mold issue. Plaintiff sent defendant the mold inspection company's results and told defendant that she did not want the licensed contracting company that defendant's principal owned to conduct the necessary work in the apartment. Defendant's letters stated that the contracting company had researched mold removal and was prepared to conduct the repairs and take the proper precautions, and that, if necessary, defendant would pay for mold testing by a certified company. Defendant, in its letters, also sought access to the apartment to conduct repairs for the mold, among other repairs. After plaintiff commenced HP and DHCR proceedings, defendant was given several days of court-ordered access, and conducted repairs. The record reflects that thereafter, without notifying defendant, plaintiff hired a mold removal company to remediate mold and conduct an inspection, [*2]and incurred other expenses allegedly relating to the mold issue. Following the trial, the Civil Court dismissed the action, finding that plaintiff had failed to notify defendant of the issue before incurring expenses, and that plaintiff was not "reasonable and cooperative in giving [defendant] access to the apartment in order to correct the alleged mold problem."
When a landlord has willfully refused to repair habitability impairing conditions (see Real Property Law § 235-b), tenants have a right to arrange for those repairs to be done and then recoup the reasonable cost of those repairs (see Katurah Corp. v Wells, 115 Misc 2d 16, 17 [App Term, 1st Dept 1982] ["After tenant affords landlord due notice of a condition falling within the scope of the warranty of habitability, and upon landlord's failure to remedy same, the tenant may undertake to remedy that condition and is entitled under the warranty (of habitability) to recoup from the landlord the reasonable cost incurred in remedying the habitability impairing condition"]; see also Missionary Sisters of Sacred Heart v Meer, 131 AD2d 393, 397 [1987]). The burden of proof is on the tenant to prove the breach of the warranty of habitability and that the landlord willfully refused to make required repairs (see Katurah Corp. v Wells, 115 Misc 2d at 17; 13 E. 9th St., LLC v Seelig, 63 Misc 3d 1218[A], 2019 NY Slip Op 50582[U] [Civ Ct, NY County 2019]; see also Missionary Sisters of Sacred Heart, 131 AD2d at 397). 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
As the record supports the trial court's conclusion that plaintiff failed to establish that defendant had willfully refused to make required repairs, we find that the judgment provided substantial justice between the parties (see CCA 1804, 1807). 
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 29, 2019