■ RAQUEL SHIVERS, Respondent, v NATIONAL WESTMINSTER BANK OF N.A. et al., Appellants. [620 NYS2d 490] —In an action to recover damages for personal injuries, the defendants Sina Mahfar and Daniel Mahfar appeal from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated May 24, 1993, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them, and the defendant National Westminster Bank of N.A. separately appeals from so much of the same order as denied its separate motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, the motions are granted, and the complaint is dismissed, with one bill of costs to the appellants appearing separately and filing separate briefs.

The defendants Sina Mahfar and Daniel Mahfar were the owners of a parcel of real property upon which the defendant National Westminster Bank of N.A. maintained a bank branch. The plaintiff alleged that she sustained injuries when she fell on a negligently maintained portion of the property. The plaintiff consistently alleged in her response to the defendants' demands for a bill of particulars and at her deposition that she did not fall on the concrete pathway leading from the defendants' bank, but fell on a jagged, broken, gravel area. The defendants then separately moved for summary judgment dismissing the complaint, submitting proof that the gravel area on which the plaintiff fell was not owned, possessed, or controlled by them, since their property line ended approximately 3 to 4 feet before the concrete path ended at this gravel area. In opposition to the motions, the plaintiff submitted an affidavit in which she alleged for the first time, in contradiction to all of her other statements, that she fell on the walkway or concrete path and that she had never reached the gravel area.

The Supreme Court should have granted the respective motions for summary judgment dismissing the plaintiff's complaint. A landowner is generally not liable for a patron's

injuries on abutting property *(see, Palmer v Prescott,* 208 AD2d 1065; *Zadarosni v F. & W. Restauranteurs,* 192 AD2d 1051; *Surowiec v City of New York,* 139 AD2d 727). The plaintiff's affidavit, which indicated that she may have fallen on property within the defendants' ownership or possession, only raised a feigned factual issue which will not serve to defeat the defendants' motions for summary judgment *(see, Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439; *Garvin v Rosenberg,* 204 AD2d 388; *Prunty v Keltie's Bum Steer,* 163 AD2d 595; *Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701). Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.