■ LISA M. ANDREWS, Respondent, v ETTORE C. PORRECA et al., Appellants and Third-Party Plaintiffs-Respondents. GORDON JAMES IMAGE MAKERS, INC., Third-Party Defendant-Appellant. [643 NYS2d 250] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint. Plaintiff alleges that her hand and arm were burned when flames and electric current shot out from a wall outlet as she attempted to pull an electric cord from it at her employers' photography studio. She testified at an examination before

trial that, at the time of the accident, she saw black electrical tape covering the top receptacle of the outlet. Plaintiff further testified that she had not noticed the outlet before that day; she did not know how long the tape had been there and could not recall whether the tape appeared old or new; and no one had complained to her about the outlet before the accident nor had she complained to anyone about its condition. Her employers denied any knowledge of a problem with the outlet and denied that there was electrical tape on the outlet before the accident. The owners of the premises likewise denied any knowledge of a problem with the outlet.

Based upon that evidence, plaintiff failed to raise a factual issue whether defendants, who had leased the premises to plaintiff's employers, had actual or constructive notice of the alleged dangerous condition of the outlet, thereby entitling defendants to summary judgment dismissing the complaint (*see, Appleby v Webb*, 186 AD2d 1078; *DeVizio v Hobart Corp.*, 142 AD2d 508). The assertion of plaintiff in an opposing affidavit that she recalls having seen the electrical tape over the top portion of the outlet for about three months before the accident is a "feigned attempt to avoid the consequences of her earlier testimonial admission" and is insufficient to defeat defendants' motion (*Columbus Trust Co. v Campolo*, 110 AD2d 616, 616-617, *affd* 66 NY2d 701; *see, Shivers v National Westminster Bank*, 211 AD2d 630, 631; *Garvin v Rosenberg*, 204 AD2d 388; *Prunty v Keltie's Bum Steer*, 163 AD2d 595, 596). Finally, in view of our determination, the appeal of third-party defendant is academic. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Denman, P. J., Pine, Fallon, Balio and Boehm, JJ.