■ NATHANIEL FERBER, an Infant, by JANICE FERBER, His Parent and Guardian, et al., Appellants, v FARM FAMILY CASUALTY INSURANCE COMPANY et al., Respondents. [707 NYS2d 545] —Crew III, J. Appeal from an order of the Supreme Court

(Meddaugh, J.), entered March 3, 1999 in Sullivan County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

The underlying action has its genesis in an automobile insurance policy issued by defendant Farm Family Casualty Insurance Company through its agent, defendant Harold E. Russell, to plaintiff Janice Ferber and her spouse. On August 9, 1996, Farm Family issued a partial payment notice reflecting that the premium payments, which were billed under the policy on an installment basis, were past due. Thereafter, on August 26, 1996, Farm Family issued a policy cancellation notice advising that the automobile insurance policy would be canceled effective 12:01 A.M. on September 16, 1996 unless the premium due in the amount of $862.25 was paid on or before that date. In response to these notices, Ferber issued two checks on August 21, 1996 and September 11, 1996 for $150 and $200, respectively. Farm Family, in turn, generated two partial payment notices reiterating that full payment was due in order to avoid cancellation. Having received less than half of the premium actually due, Farm Family canceled the subject insurance policy on September 16, 1996. One week later, on September 23, 1996, Ferber forwarded another check to Farm Family in the amount of $200, which Farm Family deposited and later reimbursed to Ferber after computing the unearned premium on the canceled policy.

Shortly thereafter, on September 26, 1996, plaintiff Nathaniel Ferber (hereinafter the infant) allegedly sustained various injuries as the result of a one-car accident. At the time of the accident, the infant was riding as a passenger in a vehicle operated by his brother and formerly insured by Farm Family. The following day, Ferber's eldest son notified Farm Family of the subject accident and was advised that the automobile insurance policy in question had been canceled on September 16, 1996 due to nonpayment of premiums.

The infant and Ferber, individually and as the infant's parent and guardian, thereafter commenced this action seeking, *inter alia*, a declaration that the automobile insurance policy was in full force and effect on the date of the accident. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment. Supreme Court granted defendants' motion and denied plaintiffs' cross motion, prompting this appeal.

We affirm. As a starting point, plaintiffs' assertion that the various notices issued by Farm Family during August 1996

and September 1996 were ambiguous is belied by both the text of the subject notices and Ferber's examination before trial testimony. The policy cancellation notice dated August 26, 1996 plainly recited that the policy would be canceled if the total premium due ($862.25) was not paid on or before September 16, 1996, and even a cursory review of Ferber's examination before trial testimony reveals that she fully understood that the policy indeed would be, canceled if she did not make the required payment by that date. The partial payment notices generated following Ferber's August 21, 1996 and September 11, 1996 payments made clear that such payments were insufficient to cover the amount due and owing under the policy and specifically stated that coverage would be terminated on the date shown on the nonpayment notice of cancellation unless the full amount shown thereon as due ($862.25) was received by Farm Family by the cancellation effective date, i.e., September 16, 1996.* Under such circumstances, Supreme Court correctly concluded that no ambiguity existed in the notices at issue.

Plaintiffs' claim that Supreme Court improperly resolved a key credibility issue is equally unavailing. In support of plaintiffs' cross motion for summary judgment, Ferber submitted an affidavit wherein she averred that based upon her past dealings with Farm Family and Russell, she believed that partial payment would be sufficient to avoid cancellation of the underlying policy. Ferber's averments in this regard directly contradicted her prior examination before trial testimony wherein, as noted previously, she acknowledged both receipt of the August 26, 1996 notice of cancellation and that she understood the import thereof. Simply stated, plaintiffs cannot create an issue of fact by submitting a self-serving affidavit that contradicts prior sworn testimony (*see, Greene v Osterhoudt*, 251 AD2d 786, 788).

Plaintiffs' remaining arguments do not warrant extended discussion. Although it appears from the record that Ferber's history with defendants included a series of policy cancellations and reinstatements beginning in 1989, such history, standing alone, is insufficient to raise a question of fact as to equitable estoppel. As the party seeking the benefit of equitable estoppel, plaintiffs were required to demonstrate (1) a lack of knowledge of the true facts, (2) reliance upon defendants' conduct, and (3) a prejudicial change in position (*see, Michaels*

---

* To that end, Ferber acknowledged that none of the checks she sent to Farm Family either before or after the cancellation date, individually or collectively, totaled the premium due under the policy.

*v Travelers Indem. Co.*, 257 AD2d 828, 829). Given the plain language of the policy cancellation and partial payment notices, together with Ferber's sworn testimony, there is no basis upon which plaintiffs could establish a lack of knowledge of the true facts—namely, that the policy would be canceled if the premium due was not paid on the date specified. Moreover, the record is bereft of any evidence to suggest that defendants, by their words or actions following the issuance of the policy cancellation notice on August 26, 1996, led Ferber to believe that partial payment would be sufficient to keep the subject policy in full force and effect. Plaintiffs' remaining contentions, to the extent not expressly addressed, have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.