■ DONALD P. REGULA, Respondent, v FORD MOTOR CREDIT TITLING TRUST et al., Defendants, and KEVIN R. BEHR, Appellant. (Action No. 1.) DONALD P. REGULA, Plaintiff, v FORD MOTOR CREDIT COMPANY et al., Defendants. (Action No. 2.) KEVIN R. BEHR, Appellant, v DONALD P. REGULA, Respondent. (Action No. 3.) [720 NYS2d 609] —Mercure, J. Appeal from an amended order of the Supreme Court (Kramer, J.), entered December 3, 1999 in Schenectady County, which, *inter alia*, granted plaintiff's cross motion for partial summary judgment on the issue of liability in action No. 1 and granted defendant's motion for summary judgment dismissing the complaint in action No. 3.

These joined actions arise out of an August 1, 1996 head-on collision between an eastbound vehicle operated by Kevin R. Behr, defendant in action No. 1 and plaintiff in action No. 3, and a westbound vehicle operated by Donald P. Regula, plaintiff in action No. 1 and action No. 2 and defendant in action No. 3, on Mariaville Road in the Town of Rotterdam, Schenectady County. Following joinder of issue and discovery, Regula moved for summary judgment dismissing the complaint in action No. 3 and subsequently cross-moved for partial summary judgment on the issue of liability in, as here relevant, action No. 1 against Behr. Supreme Court granted the motion and the cross motion and Behr appeals.

We affirm. Regula supported his motion and cross motion with affidavits of accident reconstruction experts George Manikas and Joseph Marchesi and associated documentary evidence which, if uncontroverted by competent evidence, establish that Behr was solely responsible for the collision. Manikas, a sergeant with the Town of Rotterdam Police Department, received certification as an advanced at-scene accident investigator as a result of training he received from the University of North Florida specifically designed for accident investigations. He was the officer in charge of the subject accident investigation and indicated that, because he believed

that the accident may result in a fatality, "an exceptionally thorough investigation was conducted regarding the cause." According to Manikas, the findings at the accident scene, including the location of the vehicles and skid marks on the roadway, made it clear that Behr had crossed over the double yellow solid line into Regula's lane of travel and ultimately impacted Regula's vehicle solely within Regula's proper lane of travel.

Marchesi graduated from Northwestern University's Traffic Accident Reconstruction program, was the author and instructor of a basic accident investigation course taught to new police recruits in the regional training academy and had since 1973 been a member of the City of Albany Police Department, assigned to its Traffic Safety Unit. Based upon his review of police photographs, the police accident report, deposition transcripts and physical evidence on the scene, including gouge marks and offset skid marks found in Regula's lane of traffic, Marchesi also concluded that the accident was caused by the Behr vehicle crossing over the center of the roadway and striking the Regula vehicle in the Regula vehicle's lane of traffic.

Behr opposed the motions with nothing other than his own deposition testimony and affidavit stating that, as he traveled eastbound on Mariaville Road, he saw the driver's side of Regula's vehicle traveling toward him in his eastbound travel lane and that the point of impact of the vehicles was in his own lane of traffic. In view of Behr's original statement that he had no recollection of the accident, his current inability to recall any of the other events leading up to the collision and the fact that his statement is completely self-serving, directly contradicted by all of the physical evidence at the accident scene and unsupported by any expert opinion, we conclude that he has "only raised a feigned factual issue which will not serve to defeat the * * * motions for summary judgment" (*Shivers v National Westminster Bank*, 211 AD2d 630, 631; *see, Garvin v Rosenberg*, 204 AD2d 388; *Prunty v Keltie's Bum Steer*, 163 AD2d 595).

Cardona, P. J., Crew III, Peters and Rose, JJ., concur. Ordered that the amended order is affirmed, with costs.