■ JOEL ILARDI et al., Appellants, v INTE-FAC CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. KINGS PLAZA SHOPPING CENTER OF FLATBUSH AVENUE, INC., et al., Third-Party Defendants. [736 NYS2d 401] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Steinhardt, J.), dated June 29, 2000, as granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action to recover damages based on common-law negligence and violation of Labor Law § 200, and (2) a judgment of the same court entered November 1, 2000, as dismissed those causes of action. The notice of appeal from the order is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review 'and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). Here, the defendants demonstrated the absence of a triable issue of fact with respect to the Labor Law § 200 and common-law negligence causes of action. Therefore, the motion was sufficient to make out a prima facie case for summary judgment (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Zuckerman v City of New York, supra*). The injured plaintiff's affidavit, which indicated that he slipped and fell as a result of defective lighting at the premises where the accident occurred, only raised a feigned factual issue which will not serve to defeat the defendants' motion for summary judgment (*see, Shpizel v Reo Realty & Constr. Co.,* 288 AD2d 291; *Shivers v National Westminster Bank of N.A.,* 211 AD2d 630, 631; *Garvin v Rosenberg,* 204 AD2d 388). Goldstein, J.P., McGinity, Luciano and Crane, JJ., concur.