■ FELICIA GARCIA, Respondent, v THE JESUITS OF FORDHAM, INC., et al., Appellants. [774 NYS2d 503]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered June 23, 2003, upon a grant of plaintiff's motion for re-argument, insofar as it recalled and vacated a prior order and denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, and the initial grant of defendants' motion adhered to. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff Felicia Garcia worked for Sodexho Marriott (Marriott), a company which provided food services in the cafeteria at the McGinley Student Center at defendant Fordham University (Fordham or the University). In this action, she seeks damages for injuries allegedly sustained after falling down an interior stairway which connected the kitchen area of the cafeteria to the basement of the building. Defendants Fordham and The Jesuits of Fordham, Inc. (The Jesuits) denied liability for plaintiff's injuries and moved for summary judgment.

In support of their motion, defendants presented the affidavit of Reverend Duminuco, The Jesuits' Rector. He stated that The Jesuits did not own, manage or control the property. Defendants also submitted the deposition of Robert Freeda, the Director of Custodial Services for the University, who testified that his staff does "all the cleaning on the campus with certain exceptions." One exception is the cafeteria area of the McGinley Center, which he said is independently controlled by Marriott employees. Freeda swore that he never observed any Fordham staff working in the stairwell where plaintiff was injured, and that he never received any complaints about that stairway. Defendants also provided the deposition testimony of Kevin O'Brien, the Director of Facilities Operations for the University. He attested that from his observations, kitchen trash at the McGinley Center was handled exclusively by Marriott employees, and that he never saw any Fordham staff using or taking trash down the subject stairwell. O'Brien reiterated that plaintiff's employer, Marriott, was in charge of the area of the building where the stairwell was located.

In opposition to defendants' motion, plaintiff submitted her deposition testimony, where she recounted that she slipped and fell about halfway down the stairway. She described the steps as wide, with a metal strip on their edge. Plaintiff testified that

she did not see what caused her to fall, but she noticed that "[t]he metal edge [was] a little worn out." Plaintiff did not testify that she stepped on the metal strip before she fell. She further testified that the stairs "could have also been slippery because they were taking down the garbage [*sic*] down the stairs." Plaintiff also submitted an affidavit, in which she stated that "I was caused to fall when my right foot slipped on the metal edge of the step which was worn away and sloped downward. In addition, there was a slippery grease-like substance on the stairs where I fell." Finally, plaintiff offered the affidavit of a forensic engineer, accompanied by photos of the subject stairwell. This expert opined that the stairwell was improperly designed, maintained and excessively worn. The engineer's affidavit also stated that the stairwell does not comply with the New York City Administrative Code.

On November 6, 2002, the IAS court granted defendants' motion, concluding that plaintiff did not establish that she fell because of a dangerous condition in the stairwell. The court discounted plaintiff's expert's affidavit, because his inspection was conducted years after the accident and there was no evidence connecting the defects cited in the affidavit with plaintiff's fall. The court accepted defendants' submissions, which stated that The Jesuits did not own, manage or control the subject property, that Fordham staff did not use the subject stairwell, and that plaintiff's employer, Marriott, had control over that area. Plaintiff filed a notice of appeal from this order.

On or about January 31, 2003, plaintiff moved for reargument, which was granted. The court vacated its earlier decision and denied defendants' motion, stating that although it "continue[d] to be troubled by the lack of clarity by plaintiff in describing the circumstances surrounding her accident," it attributed some of the difficulties to the fact that plaintiff was testifying through a Spanish-speaking interpreter. This appeal ensued.

Initially, we note that although plaintiff's motion for reargument was technically untimely pursuant to CPLR 2221 (d), it was not an improvident exercise of the court's discretion to have reconsidered its prior ruling (*see Leist v Goldstein*, 305 AD2d 468, 469 [2003]). However, we uphold the grant of defendants' motion and dismissal of the complaint. The contentions of Reverend Duminuco, Rector of The Jesuits, that this defendant did not own, manage or control the building where plaintiff allegedly fell, remain unrefuted. As there is no other basis in the record to impute liability to this defendant, we dismiss the complaint against The Jesuits (*Elbert v J.F.V. Enter.*

*Co.*, 234 AD2d 413 [1996]; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292 [1988], *lv dismissed and denied* 73 NY2d 783 [1988]).

We also grant summary judgment in favor of the University. All of the deponents and affiants agreed that Marriott employees had exclusive control over the cafeteria and the stairway where plaintiff fell. There is no evidence that this defendant or its employees controlled or utilized the subject stairway, or that it created, or had actual or constructive notice of, any alleged defective condition (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Mejia v New York City Tr. Auth.*, 291 AD2d 225 [2002]).

Further, plaintiff has not raised any issue of fact as to whether her fall was caused by a structural defect for which the owner could be held liable. The affidavit of plaintiff's forensic engineer was based upon an inspection made years after plaintiff's accident and there was no evidence that the conditions he observed were the same as those that existed at the time plaintiff was injured (*see Cruz v Deno's Wonder Wheel Park*, 297 AD2d 653 [2002]; *Santiago v United Artists Communications*, 263 AD2d 407, 408 [1999]; *Figueroa v Haven Plaza Hous. Dev. Fund Co.*, 247 AD2d 210 [1998]). Even assuming that there was an Administrative Code violation with respect to the treads on the stairs, there is no evidence that this condition existed at the time of plaintiff's accident or that it was a proximate cause of her injuries (*see Secchi v Waldbaum, Inc.*, 270 AD2d 329 [2000]; *Beecher v Northern Men's Sauna*, 272 AD2d 281, 282 [2000]). At her deposition, plaintiff stated that she did not see what caused her to fall, while in her affidavit she states that she tripped on a defective metal strip on the step. Accordingly, these conflicting statements, by themselves, are "insufficient to defeat [defendants'] properly supported motion for summary judgment" (*Harty v Lenci*, 294 AD2d 296, 298 [2002]; *Mayancela v Almat Realty Dev.*, 303 AD2d 207 [2003]). Concur—Mazzarelli, J.P., Saxe, Ellerin and Williams, JJ.