◼ James Benamati et al., Appellants, v Harris McSkimming, Individually and as Pastor of Graceway Ministries, Inc., et al., Respondents. [777 NYS2d 822]—

Mercure, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 16, 2003 in Saratoga County, which granted defendants' motion for partial summary judgment dismissing the Labor Law causes of action.

Plaintiff James Benamati and his spouse, derivatively, commenced this action against defendants alleging, among other

things, violations of Labor Law §§ 200, 240 (1) and § 241 (6) and seeking to recover for injuries purportedly sustained by Benamati following his fall from a ladder in March 2002. At the time of this incident, Benamati, a mason by trade, was inspecting the chimney of a youth center owned by defendant Graceway Ministries, Inc. To reach the chimney, Benamati ascended an extension ladder provided and held by defendant Harris Mc-Skimming, Graceway's pastor. While Benamati was on the roof, McSkimming was called away to assist in another aspect of the youth center's repair. Upon completing his inspection of the chimney, Benamati, who was unaware that McSkimming no longer was holding the ladder, stepped off the roof. As he did so, the ladder slipped and Benamati fell to the ground below. Following joinder of issue and discovery, defendants moved for partial summary judgment dismissing plaintiffs' Labor Law causes of action upon the basis that Benamati was not employed by defendants at the time of the accident. Supreme Court granted defendants' motion, prompting this appeal by plaintiffs.

We affirm. "Fundamentally, recovery under Labor Law § 200 (1), § 240 (1) or § 241 (6) is conditioned upon a showing that the plaintiff 'was both permitted or suffered to work on a building or structure *and . . . was hired by someone, be it owner, contractor or their agent*' " (*Lee v Jones*, 230 AD2d 435, 436 [1997], *lv denied* 91 NY2d 802 [1997], quoting *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see Marchese v Grossarth*, 232 AD2d 924, 925 [1996], *lv denied* 89 NY2d 809 [1997]). In our view, regardless of whether Benamati expected to be paid for any repair work he ultimately performed, the record makes plain that as of the time of the accident, he had not in fact been hired to perform any such repairs. Hence, defendants' motion for partial summary judgment was properly granted.

Benamati testified at his examination before trial that Mc-Skimming asked him "for a consultation on the chimney"—specifically, to "look at the chimney . . . to assess it and see if it was safe." Benamati further testified that he did not expect to be compensated for looking at the chimney and offering an opinion as to its condition. McSkimming provided similar testimony on this point, stating that the chimney appeared to him to be unstable and that he asked Benamati to look at the chimney and tell him what needed to be done. Although Mc-Skimming stated that he hoped Benamati would volunteer to perform whatever repairs were necessary, he indicated that he never actually communicated that hope to Benamati.

The foregoing testimony demonstrates that Benamati had not

been hired to repair the chimney prior to his fall. Therefore, plaintiffs simply cannot prevail on their Labor Law causes of action. To the extent that Benamati belatedly attempted to raise a question of fact in this regard by averring in his affidavit in opposition that McSkimming told him to determine what work needed to be performed on the chimney and then "go ahead and do it," we note that a party "cannot create an issue of fact by submitting a self-serving affidavit that contradicts prior sworn testimony" (*Ferber v Farm Family Cas. Ins. Co.*, 272 AD2d 747, 749 [2000]; *see Brock Enters. v Dunham's Bay Boat Co.*, 292 AD2d 681, 683 [2002]; *Regula v Ford Motor Credit Titling Trust*, 280 AD2d 843, 844 [2001]). Accordingly, Supreme Court's order granting defendants' motion for partial summary judgment must be affirmed.

Cardona, P.J., Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.