■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT RODRIGUEZ, Appellant. [803 NYS2d 4]—

Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J., on motion to dismiss; John A. Barone, J., at hearing, jury trial and sentence), rendered October 9, 2003, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to a term of five years, unanimously affirmed.

The court properly exercised its discretion in entertaining the People's technically untimely motion to reargue the dismissal of the count of criminal possession of a weapon in the second degree (see CPLR 2221 [d]; Garcia v The Jesuits of Fordham, 6 AD3d 163, 165 [2004]), especially as the People's delay was caused by ongoing plea negotiations with defendant. The sufficiency of the grand jury evidence is not reviewable on appeal since the ensuing judgment was based on legally sufficient trial evidence (CPL 210.30 [6]).

The court properly denied defendant's motion to suppress a gun. An identified citizen-informant told the police that a man had threatened to kill him. While canvassing the area with the informant, the officer heard what he believed to be a gunshot, and observed a large crowd of people running in the opposite direction from which defendant alone was walking, whereupon the informant identified defendant as the man who had threatened to kill him. Under the totality of these circumstances, the officer had, at least, reasonable suspicion that defendant might be armed, thereby justifying a stop and frisk (see e.g. People v Brown, 288 AD2d 152 [2001], lv denied 97 NY2d 727 [2002]).

We have considered and rejected defendant's remaining claims. Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Williams, JJ.