**Daunel AUGUSTINE, Plaintiff–Appellant,**

v.

**Kim Kyu HEE and Elrac, Inc., Defendants–Appellees.**

No. 04–6154–CV.

United States Court of Appeals, Second Circuit.

Dec. 27, 2005.

Denise A. Rubin of Napoli Bern LLP, New York, N.Y., for Plaintiff-Appellant.

James M. Carman and Stephanie L. Boden of Carman, Callahan & Ingham, LLP, Farmingdale, N.Y., for Defendants-Appellees.

Present: Hon. Guido CALABRESI, Hon. Robert A. KATZMANN, and Hon. Peter W. HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **VACATED** and **REMANDED.**

Plaintiff–Appellant Daunel Augustine ("Augustine" or "Appellant") appeals the district court's (Dearie, *J.*) grant of summary judgment in favor of Defendants–Appellees Kim Kyu Hee and Elrac, Inc. We presume that the parties are familiar with the facts, procedural history, and scope of issues on appeal.

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *See, e.g., Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). We review *de novo* a district court's grant of summary judgment. *Peck v. Baldwinsville Cent. Sch. Dist.,* 426 F.3d 617, 625 (2d Cir.2005).

The present dispute concerns knee and shoulder injuries that Appellant allegedly suffered in an automobile accident with Appellees, which occurred on April 15, 2002. Appellant was also involved in an earlier accident on September 14, 2000, in which Appellees played no part. New

York's "no-fault" insurance law limits recovery by an individual injured in an automobile accident. Specifically, N.Y. Ins. L. § 5104(a) states:

Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a *serious injury*, or for basic economic loss.

N.Y. Ins. L. § 5104(a) (emphasis added).

Despite intimations in Appellees' brief to the contrary, no one, in actuality, contends that Appellant's putative injuries were not sufficiently serious to qualify under N.Y. Ins. L. § 5104(a).[1] What is actually disputed is causation, *i.e.*, whether Appellant's injuries knee and shoulder injuries were, in fact, caused by the 2002 accident.

 On this matter, there is conflicting evidence. Dr. Joseph D'Angelo—an orthopedic surgeon who was Appellant's treating physician and who performed surgery on Appellant's knee in September 2002 and on his shoulder in April 2004—averred that Appellant's injuries were caused by the accident of April 15, 2002. [A–215–219] After examining Appellant and reviewing the extant medical record, however, Dr. Philip G. Taylor, an orthopedic surgeon retained by the defendants, concluded that Appellant's injuries could not be linked to the 2002 accident. [A–

151] There are flaws and inconsistencies in each of the two doctors' assessments. For instance, the affidavit submitted by Dr. D'Angelo in support of Appellant's claim, is made more doubtful by earlier diagnoses he rendered. *Cf. Garcia v. Jesuits of Fordham, Inc.*, 6 A.D.3d 163, 774 N.Y.S.2d 503 (2004) (finding that statements in plaintiff's affidavit that conflicted with earlier deposition testimony are insufficient to defeat motion for summary judgment); *Benamati v. McSkimming*, 8 A.D.3d 815, 817, 777 N.Y.S.2d 822 (2004) (noting that a party "cannot create an issue of fact by submitting a self-serving affidavit that contradicts prior sworn testimony" (internal quotation marks and citations omitted)). Unlike *Garcia* and *Benamati*, however, the perceived discrepancies in Dr. D'Angelo's affirmation can be plausibly reconciled. Those seeming inconsistencies are not, therefore, of a kind that would permit summary judgment.

We sympathize with the district judge, who clearly had reached a plausible view of which physician's account was more believable. However much we may understand the district court's evaluation of the doctors' testimony, there was ultimately a conflict of fact, and that should be addressed by the factfinder. *See Lipton v. Nature Co.*, 71 F.3d 464, 472 (2d Cir.1995) ("Determinations of credibility are within the province of the jury and may not be resolved on summary judgment.").

---

1. According to N.Y. Ins. L. § 5102(d), " '[s]erious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment." Appellant claims that he suffered, *inter alia*, an intrasubstance tear of the lateral meniscus in his right knee, and a distal clavicle fracture and acromioclavicular joint separation in his left shoulder.

**80**

For the reasons set forth above, the judgment of the District Court is hereby VACATED and REMANDED for further proceedings.