■ MENACHEM LIPSKER, Appellant-Respondent, v 650 CROWN EQUITIES, LLC, et al., Respondents, and SKYLINE CAPITAL, LLC, Respondent-Appellant. [917 NYS2d 249]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated February 17, 2010, as granted those branches of the cross motion of the defendant Skyline Capital, LLC, which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against it, and, in effect, denied, as academic, that branch of his cross motion which was for leave to amend the bill of particulars to assert specific violations of the Industrial Code, and the defendant Skyline Capital, LLC, cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from and, upon searching the record, summary judgment is awarded

to the defendants 650 Crown Equities, LLC, and Hager Management, Inc., dismissing all of the Labor Law causes of action asserted against them; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The plaintiff was a real estate agent for the defendant Skyline Capital, LLC (hereinafter Skyline), a company partially owned by his wife. Skyline rented commercial space in a building owned by the defendant 650 Crown Equities, LLC (hereinafter 650 Crown), which building was managed by Hager Management, Inc. (hereinafter Hager). On December 24, 2006, the plaintiff fell from a ladder when he was helping Skyline's president and part-owner, Schmuel Iss, put up a sign on the premises. The plaintiff commenced this action against the defendants asserting causes of action sounding in Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence.

Contrary to the plaintiff's contention, the evidence showed that he was a real estate agent for Skyline, was paid on commission, and was acting as a volunteer when he helped Iss put up the sign, and therefore was not entitled to the protections of the Labor Law (see Stringer v Musacchia, 11 NY3d 212, 216-217 [2008]; Benamati v McSkimming, 8 AD3d 815, 816-817 [2004]; McNulty v Executive Kitchens, 294 AD2d 411, 412-413 [2002]). Moreover, he failed to raise a triable issue of fact because the self-serving affidavit he submitted contradicted his prior sworn testimony (see Benamati v McSkimming, 8 AD3d at 817; Marcelle v New York City Tr. Auth., 289 AD2d 459 [2001]). Accordingly, the Supreme Court properly granted those branches of Skyline's cross motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against it. In addition, since the plaintiff was not entitled to the protections of the Labor Law, we search the record and award summary judgment to the remaining defendants dismissing all of the Labor Law causes of action asserted against them.

In light of this determination, it is not necessary to address the plaintiff's contention that the Supreme Court should have granted that branch of his cross motion which was for leave to amend the bill of particulars to assert violations of the Industrial Code.

Contrary to the contention of 650 Crown and Hager, this Court "may search the record and grant summary judgment [to] a nonmoving party only with respect to a cause of action or issue that is the subject of the motions before the court" (Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]).

Since the common-law negligence cause of action was not the subject of the motion and cross motions before the Supreme Court, we do not address it here.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.