Matter of Geico Ins. Co. v Silverio (2019 NY Slip Op 02705)





Matter of Geico Ins. Co. v Silverio


2019 NY Slip Op 02705


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-12722
 (Index No. 57137/17)

[*1]In the Matter of Geico Insurance Company, respondent, 
v
Claudio Silverio, appellant.


Yadgarov & Associates, PLLC, New York, NY (Ronald S. Ramo of counsel), for appellant.



DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary uninsured motorist benefits, Claudio Silverio appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated September 25, 2017. The order, insofar as appealed from, granted that branch of the petition which was for a permanent stay of arbitration.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On November 17, 2014, Claudio Silverio (hereinafter the appellant) allegedly was injured in a motor vehicle accident when his vehicle was struck in the rear by an unidentified vehicle, which caused his vehicle to strike a vehicle in front of him. The unidentified vehicle left the scene. On the date of the accident, the appellant's vehicle was insured by Geico Insurance Company (hereinafter Geico). On April 17, 2017, the appellant demanded arbitration of his claim for supplementary uninsured motorist benefits from Geico.
On May 8, 2017, Geico commenced this proceeding pursuant to CPLR article 75, seeking, inter alia, a permanent stay of arbitration. Geico alleged, among other things, that the appellant failed to satisfy a condition precedent to arbitration as required by the insurance policy, namely, proper notification of the accident within 24 hours or as soon as reasonably possible. In opposition, the appellant submitted his affidavit, in which he stated that when he "called [Geico]" from the scene to report the accident, the "customer service person" represented that a police report was not necessary. It was only after the appellant retained an attorney in December 2014 that he filed a police accident report with the Department of Motor Vehicles. The Supreme Court granted that branch of the petition which was for a permanent stay of arbitration.
It is undisputed that the appellant failed to report the hit-and-run accident to the police or the Commissioner of Motor Vehicles within 24 hours or as soon as was reasonably possible as required by the terms and provisions of his insurance policy (see Matter of Eagle Ins. Co. v Brown, 309 AD2d 749, 750; Matter of Government Empls. Ins. Co. v Snell, 286 AD2d 682; Matter of State Farm Mut. Ins. Co. v Genao, 210 AD2d 340; Schauer v Motor Veh. Acc. Indem. Corp., 90 AD2d 790).
Contrary to the appellant's contention, Geico should not be equitably estopped from denying coverage. In order to establish a claim based upon equitable estoppel, the appellant was required to prove that his reliance upon the words or actions of Geico was "justifiable" and that in consequence of such reliance, he prejudicially changed his position (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184; see Town of Hempstead v Incorporated Vil. of Freeport, 15 AD3d 567, 570). The appellant failed to demonstrate that he justifiably relied on any actions or statements made by Geico in light of the express language in the insurance policy that the terms and provisions of the policy could not be waived or changed except by an endorsement (see Ferber v Farm Family Cas. Ins. Co., 272 AD2d 747, 749-750; Bank of N.Y. v Spring Glen Assoc., 222 AD2d 992, 994; Chadirjian v Kanian, 123 AD2d 596, 597; Manufacturers Hanover Trust Co. v Trans Natl. Communications, 36 AD2d 709, 710).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the petition which was for a permanent stay of arbitration.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court