O'Sullivan v American Golf Corp.
2026 NY Slip Op 03393
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

David O'Sullivan, Plaintiff-Respondent,
v
American Golf Corporation Doing Business as Pelham Bay & Split Rock Golf Course, Defendant-Appellant, Omega Express, Ltd., Defendant-Respondent.

Decided and Entered: June 02, 2026
Index No. 29772/19|Appeal No. 6766|Case No. 2025-01708|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Julia Audibert of counsel), for appellant.
Law Offices of Richard A. Dubi, PC, Garden City (Richard A. Dubi of counsel), for David O'Sullivan, respondent.
Capehart & Scatchard, P.A., New York (Nuo Jiang of counsel), for Omega Express Ltd., respondent.

[*1]
Order, Supreme Court, Bronx County (Patsy Gouldborne, J.), entered January 6, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendant American Golf Corporation for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff alleges that as he was exiting a bus, he was injured when his foot got caught in a three-to-four-inch gap between two cobblestones in a parking lot owned by American Golf.
American Golf failed to establish prima facie entitlement to summary judgment, as it failed to submit evidence showing as a matter of law that the gap between the cobblestones was an open and obvious condition and was not inherently dangerous (see Basturan v New York City Tr. Auth., 231 AD3d 528, 529 [1st Dept 2024]; Santulli v City of New York, 287 AD2d 352, 353 [1st Dept 2001]). Indeed, plaintiff testified that the defect was not readily observable even though he was looking down as he exited the bus. Although American Golf's expert averred in his affidavit that there were "no defects" in the cobblestones, he did not address the width or depth of the gaps between them (see Garcia v The Jesuits of Fordham, 6 AD3d 163, 166 [1st Dept 2004]). Further, because the expert inspected the area five years after the alleged accident, his affidavit is of limited probative value without evidence that the conditions observed were the same as when the accident occurred (see Qeliqi v Gladden Properties LLC, 226 AD3d 543 [1st Dept 2024]).
In addition, an issue of fact exists as to whether American Golf breached its duty to plaintiff to maintain the area in a reasonably safe condition (see Hutson v Regis High Sch., 226 AD3d 478, 479 [1st Dept 2024]). American Golf's regional manager, who was deposed on behalf of American Golf, did not testify regarding the initial installation or subsequent inspection and maintenance of the cobblestones, nor did he testify as to whether American Golf had received any complaints about the cobblestones before the accident.
Because American Golf failed to sustain its initial burden on its motion for summary judgment, the burden never shifted to plaintiff and we need not consider the sufficiency of his opposition papers (see Pronk v Standard Hotel, 158 AD3d 465, 466 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026