■ GERTRUDE DRILLINGS, Appellant, v BETH ISRAEL MEDICAL CENTER et al., Respondents. [606 NYS2d 191] —Order, Supreme

Court, New York County (William Davis, J.), entered June 16, 1993, which granted plaintiff's motion deemed as one for "reargument," and upon reargument adhered to its prior determination granting defendants' motions for summary judgment dismissing the Complaint, unanimously affirmed, without costs. Appeal from the order of same court and Justice, entered January 14, 1993, unanimously dismissed as superseded, without costs.

Since the only evidence regarding the condition of the floor upon which plaintiff allegedly fell, on the date of the incident, establishes that the floor was shiny as "always," summary judgment was properly granted. *(See, Silver v Brodsky,* 112 AD2d 213.) Indeed, even considering the expert's affidavit, which was based on an examination of the floor *(see,* CPLR 3120) some two years after the incident, the evidence is wholly conclusory and fails to establish that a hazardous condition existed on the day of the incident or that defendants had any notice, actual or constructive, of the alleged hazardous condition *(see, e.g., Gordon v American Museum of Natural History,* 67 NY2d 836).

Finally, plaintiff's motion to renew and reargue was correctly determined to be only a motion to reargue, in light of the fact that the alleged "new" evidence was within plaintiff's knowledge at the time of the initial motion for summary judgment *(see, McFadden v Long Is. R. R.,* 115 AD2d 644). Concur—Sullivan, J. P., Rosenberger, Ellerin and Rubin, JJ.