■ DIANE DUFFY, Appellant, v UNIVERSAL MAINTENANCE CORP., Respondent and Third-Party Plaintiff. STERLING SANI-

TARY SUPPLY CORP., Third-Party Defendant-Respondent. [642 NYS2d 282] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about May 3, 1995, which granted defendant's and third-party defendant's motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The complaint against the maintenance company was properly dismissed absent evidence of the reason for plaintiff's fall, other than the "inherently slippery" condition of the terrazzo floor (see, Murphy v Conner, 84 NY2d 969; see also, Harris v S & P Mgt. Corp., 163 AD2d 870; Van Alstyne v Fonda Refm. Church, 224 AD2d 901). There was no proof of negligent application of wax or polish to the floor and no proof, or even claim, that defendant's actions made the floor dangerous. The court properly disregarded as conclusory that part of plaintiff's expert's opinion that was based on observations of the lobby floor and a storage room made over four years after the accident (see, Drillings v Beth Israel Med. Ctr., 200 AD2d 381). Also properly disregarded, as inadmissible hearsay, were the unsworn written statements of plaintiff's co-workers that the floor was always slippery and that they had often seen maintenance personnel scrubbing and polishing it (Adams v Alexander's Dept. Stores, 226 AD2d 130). Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.