■ GISELLE FIGUEROA, Appellant, v HAVEN PLAZA HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Respondents. [668 NYS2d 203] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about January 6, 1997, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action for damages arising out of a trip and fall over a depression in a walkway, summary judgment was properly granted. The shallow, gradual character of the depression, measured by plaintiff to be an inch and one-half is readily discernible in plaintiff's photographs. Viewing the affidavits and exhibits in the light most favorable to plaintiff, we conclude that the court properly considered all the relevant circumstances (*see, Trincere v County of Suffolk*, 90 NY2d 976) and determined that the alleged defect was trivial, and possessed none of the characteristics of a trap or snare.

The court properly disregarded as conclusory that part of plaintiff's expert's opinion that was based on observations of the walkway made two years after the accident (*see, Drillings v Beth Israel Med. Ctr.*, 200 AD2d 381). Although the expert stated that his conclusions were based on his on site inspection and the photographs taken days following the accident, he never compared his observations to the photographs or stated that the condition of the depression in 1995 was the same as it was at the time of the accident in October 1993. Concur—Sullivan, J. P., Wallach, Williams and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY JETER, Appellant. [668 NYS2d 202] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered November 29, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Closure of the courtroom during the testimony of the undercover officer was justified by his *Hinton* hearing testimony that he was presently involved in ongoing investigations, that he would be returning in the near future to the precise location where defendant was arrested, and that he had been threatened in the past by subjects of his investigations (*see, People v Mensah*, 226 AD2d 161, *lv denied* 88 NY2d 989). Furthermore, it was defendant's obligation to suggest any alternative procedures (*People v Ayala*, 90 NY2d 490, 504, *cert denied* 522 US 1002), which he failed to do. Concur—Sullivan, J. P., Wallach, Williams and Andrias, JJ.