(December 1, 1998)

■ EILEEN KRUIMER et al., Respondents, v NATIONAL CLEAN-ING CONTRACTORS, INC., Appellant. [680 NYS2d 511] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered April 23, 1998, which denied defendant's motion to dismiss the plaintiffs' complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff claims that she slipped and fell on an extremely shiny and slippery black marble floor maintained by defendant. In opposition to the summary judgment motion, plaintiffs submit an expert's affidavit opining that the terrazzo-type floor was inherently slippery, and thereby required particular maintenance and procedures to keep it reasonably safe for pedestrian traffic.

It is well settled that absent proof of the reason for plaintiff's fall other than the "inherently slippery" condition of the floor, no cause of action for negligence can properly be maintained (*Murphy v Conner*, 84 NY2d 969). Here, there was no evidence of any negligent conduct on the part of defendant.

Further, the expert's affidavit was insufficient to raise triable issues of fact. The expert's opinion should have been disregarded as conclusory inasmuch as it was based upon observations of the floor made over two years after the accident (*see, Santo v Astor Ct. Owners Corp.*, 248 AD2d 267; *Duffy v Universal Maintenance Corp.*, 227 AD2d 238; *Drillings v Beth Israel Med. Ctr.*, 200 AD2d 381). Concur—Lerner, P. J., Sullivan, Nardelli and Rubin, JJ.