■ MARY A. LaFEMINA et al., Appellants, v EDISON BRAMBELL et al., Respondents. (And a Third-Party Action.) [767 NYS2d 795]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated October 9, 2002, as granted the motion of the defendant Incorporated Village of Hempstead for summary judgment dismissing the complaint insofar as asserted against it, and the separate motion of the defendants Eddison Brambell (sued herein as Edison Brambell), Larayne Enterprises, and North Franklin Management Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

At her deposition, the injured plaintiff claimed that she slipped and fell on a portion of a sidewalk used as a driveway by the abutting landowner defendants Eddison Brambell (sued herein as Edison Brambell), Larayne Enterprises, and North Franklin Management Corp. However, the defect she identified in a photograph as the one she tripped on was not in the area where she claimed she had been walking. Under the circumstances, the plaintiffs failed to produce sufficient evidence regarding the nature and location of the alleged defect to allow a jury to consider this issue without having to resort to conjecture or speculation (*see e.g. Visconti v 110 Huntington Assoc.,* 272 AD2d 320 [2000]; *Moody v Woolworth Co.,* 288 AD2d 446 [2001]; *McGee v City of New York,* 252 AD2d 483 [1998]). Since the cause of the accident was speculative, summary judgment was properly granted to all of the defendants.

The plaintiffs' remaining contentions are without merit. McGinity, J.P., Luciano, Schmidt and Rivera, JJ., concur.