■ RAKHIL ZALKO et al., Respondents, v SUNRISE ADULT HEALTH CARE CENTER, Appellant. [776 NYS2d 594]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Martin, J.), dated July 30, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Rakhil Zalko (hereinafter Zalko) was injured when she fell while attempting to get up from a plastic patio

chair on the premises of the defendant, Sunrise Adult Health Care Center. As she rose from her chair and took a step, the chair moved backwards behind her, and she fell. The plaintiffs thereafter commenced this action. At her deposition, Zalko testified that she did not make any complaints about the chair prior to her fall. Her husband, also a plaintiff, testified at his deposition that he was not aware that any complaints had been made by others regarding any chairs prior to his wife's accident. The program director for the defendant arrived after the incident and saw Zalko on the ground. She then inspected the chair and found it to be intact and stable.

The defendant subsequently moved for summary judgment dismissing the complaint, contending that the plaintiffs had not identified any defective or dangerous condition, and, in any event, that there was no evidence that the defendant created or had notice of such a condition. The Supreme Court denied the motion. We reverse.

The defendant established its entitlement to summary judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557 [1980]) through the submission of the deposition testimony of the plaintiffs and of the defendant's program director, who testified that neither she nor her employees had received notice of any defect in the chair, and found no defect in the chair upon inspecting it after the injured plaintiff's fall. In opposition, the plaintiffs failed to present sufficient evidence in admissible form to prove the existence of a triable issue of fact (id.). Zalko's affidavit stating that she fell because the chair was "unstable" and "wobbled" was insufficient to demonstrate the existence of a defective condition (see LaFemina v Brambell, 2 AD3d 409 [2003]; Moody v Woolworth Co., 288 AD2d 446 [2001]). The plaintiffs' contention that the chair presented a defective or dangerous condition was entirely speculative and unsupported by any eyewitnesses or expert proof. Moreover, as to the issue of notice, Zalko's affidavit contradicted her earlier deposition testimony and was clearly designed to avoid the consequences of her earlier testimony by raising feigned issues (see Mestric v Martinez Cleaning Co., 306 AD2d 449 [2003]; Hartman v Mountain Val. Brew Pub, 301 AD2d 570 [2003]; Califano v Campaniello, 243 AD2d 528 [1997]). Accordingly, the defendant was entitled to summary judgment dismissing the complaint.

Furthermore, we agree with the defendant that the plaintiffs' belated and improper references to alleged violations of the regulations governing adult day health care facilities, and to purported evidence of subsequent repairs, should be disregarded

(*see Cleland v 60-02 Woodside Corp.*, 221 AD2d 307 [1995]; *Martin Mech. Corp. v Carlin Constr. Co.*, 132 AD2d 688 [1987]). Altman, J.P., Florio, Luciano and Mastro, JJ., concur.