(May 25, 2004)

■ MARY McGARVEY, Appellant, v BANK OF NEW YORK, Respondent. [776 NYS2d 793]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 18, 2003, which granted defendant's motion for summary judgment dismissing the complaint, affirmed, without costs.

Plaintiff was injured on defendant's premises, allegedly as a result of the action of an inadequately checked revolving door. Defendant's evidence, however, established prima facie that the door was regularly inspected and that defendant had had neither actual nor constructive notice of the defect alleged, and inasmuch as plaintiff did not in response adduce evidence competent to warrant a contrary inference, the grant of defendant's summary judgment motion was proper (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). The affidavit of plaintiff's expert, who examined the door more than two years after plaintiff's accident, was not probative of whether the door revolved at a hazardous speed at the time of the accident (*see Kruimer v National Cleaning Contrs.*, 256 AD2d 1 [1998]), much less of whether defendant had notice of any such defect (*see also Figueroa v Haven Plaza Hous. Dev. Fund Co.*, 247 AD2d 210 [1998] [court properly rejected as conclusory that part of expert's affidavit based on observation of walkway two years after accident]). Concur—Buckley, P.J., Nardelli and Marlow, JJ.

Saxe, J., dissents in a memorandum as follows. In order to defeat a defendant's motion for summary judgment, the plaintiff need only present evidentiary materials sufficient to create a material question of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065 [1979]). I believe that plaintiff successfully fulfilled that obligation here. Further, this is not an appropriate situation in which to apply a rule that an expert's opinion should be disregarded where it is based upon observations made long after the accident (*see Kruimer v National Cleaning Contrs.*, 256 AD2d 1 [1998]).

On August 19, 1999, plaintiff entered the revolving door of the Bank of New York branch located at 162 Fifth Avenue in Manhattan. After she pushed the door forward, another person, in the process of exiting the bank, caused the revolving door to accelerate rapidly and strike plaintiff on the shoulder, and she

fell backwards into the bank's vestibule and hit her head on a metal stanchion. She claims that the bank was negligent in its construction or maintenance of the revolving door such that it revolved too rapidly when pushed and lacked a sufficient deterrent or other break.

The affidavits submitted by plaintiff, both her own and that of her expert, sufficed to create a factual issue as to whether the bank's revolving door was defective. Robert Magaraci, a senior vice-president of Sterling Service Companies, Inc., which maintains and repairs revolving doors in the New York City area, asserted in his affidavit that upon his examination of the revolving door on April 22, 2001 and July 17, 2002, he spun it with his hand and timed it with his stopwatch, and computed that the door's revolution speed was 17 to 18 revolutions per minute (rpm), which amounted to 2 to 3 rpm greater than the maximum allowable by New York City Building Code (Administrative Code of City of NY) § 27-371 (m) (2) (d). Magaraci also asserted that both the door's weatherstripping and the surface under the door were worn, both of which conditions would lessen friction and increase the speed of the door's rotation.

I see no reason to hold that this affidavit must be disregarded as a matter of law. The opinion of such an individual is certainly probative on the question of whether the door in question was functioning within the parameters set by applicable regulation. The fact that his first inspection of the door took place 20 months after the incident does not invalidate his opinion or render it merely surmise. An expert's examination of an allegedly defective fixture will necessarily occur after an incident has occurred; often, in the normal course of litigation, access to the fixture for purposes of conducting tests will be allowed only after quite some time. There is no set amount of time within which such an assessment must take place.

Certainly, there are particular kinds of claimed defective conditions that cannot logically be proved by observations made long after an accident; for instance, an observation made 20 months after an accident of an overflowing overhead water collection device does not demonstrate the reason for water on the floor on the date the plaintiff slipped (*see Papazian v New York City Tr. Auth.*, 293 AD2d 658 [2002]). However, the claim here is not analogous to that situation.

Here, plaintiff's claim is that because of the way the revolving door was improperly adjusted or maintained, it was capable of being spun too rapidly, and that on the date of the accident, pressure from another individual caused it to spin too rapidly.

Moreover, since the defendant's own property manager testified at his deposition that the revolving door must be completely removed in order to reach the mechanism which adjusts the speed at which the door can revolve, and that it was not adjusted in the period since the accident, it may be inferred that the door's ability to spin with excessive speed had remained constant during that 20-month period.

There is a line of First Department cases concerning claims of slippery floors, in which examination of the floor by an expert years after the plaintiff's slip and fall was adjudged to be insufficient to establish that the alleged hazardous condition existed on the day of the accident (*see Drillings v Beth Israel Med. Ctr.*, 200 AD2d 381 [1994]; *Duffy v Universal Maintenance Corp.*, 227 AD2d 238 [1996]; *Santo v Astor Ct. Owners Corp.*, 248 AD2d 267 [1998]; *Kruimer v National Cleaning Contrs.*, 256 AD2d 1 [1998]). I submit, however, that these holdings should not be relied upon to create an absolute or universal rule that an expert's subsequent observation and report of any claimed defective condition has no probative value. Rather, the question of whether an after-the-fact assessment by an expert is of any probative value should depend upon the nature of the claim and the nature of the assessment. Even assuming that the condition of a floor two years later will *never* be illustrative of the condition of a floor at the time of a previous accident, there are other conditions that can be assumed to have remained constant unless some action was taken. Here, the passage of time prior to the inspection of the revolving door should not serve as grounds to nonsuit plaintiff.

As to the IAS court's conclusion that plaintiff had not demonstrated that defendant had actual or constructive notice of any problem with its revolving door which it failed to correct in a timely fashion, it is claimed that defendant created the condition by its failure to properly maintain or adjust it, so further proof of notice of the defective condition is unnecessary (*see Figueroa v Lazarus Burman Assoc.*, 269 AD2d 215 [2000]).