■ Lorenza Machado et al., Appellants, v Clinton Housing Development Company, Inc., et al., Respondents, et al., Defendant. [798 NYS2d 56]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 4, 2004, which granted the corporate defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment as to liability, affirmed, without costs.

Plaintiffs are shareholders and residents of a cooperative apartment owned and managed by defendants. When plaintiff Lorenza Machado saw a leak coming from her bathroom sink's hot water faucet and the hot water valve next to the sink, she called the managing agent who advised her to turn off the water. After turning the valve for about five minutes, it "exploded"; the handle came off in plaintiff's hand and she was sprayed with hot water and scalded.

The proprietary lease clearly provides that the maintenance and repair of fixtures, including exposed plumbing (i.e., pipes that are not "within the walls") and the fixtures to which they are attached, are the sole responsibility of the shareholder. Plaintiffs' initial argument that the fixture was "inside the wall" is belied by the photographic evidence. Nor does the fact that the valve connects to a piece inside the wall shift responsibility for its maintenance to the co-op.

Plaintiffs' expert's affidavit, describing their bathroom over two years after the accident, is not probative of its state on the accident date (see Gilson v Metropolitan Opera, 15 AD3d 55, 59 [2005]; McGarvey v Bank of N.Y., 7 AD3d 431, 432 [2004]). In any event, even assuming a timely inspection, it is wholly

conclusory, devoid of evidentiary facts, and, thus, insufficient to raise a triable issue (*see Murphy v Conner*, 84 NY2d 969, 972 [1994]; *Gerber Trade Fin., Inc. v Skwiersky, Alpert & Bressler, LLP*, 12 AD3d 286 [2004], *lv denied* 4 NY3d 705 [2005]; *Jackson v Dresser Indus., Inc.*, 257 AD2d 538 [1999]). The affidavit states "Mrs. Machado was sprayed with hot water because the valve stem, which prior to the accident had been seated in the valve body, . . . became unseated and disengaged from the valve body." It concludes "the valve stem, which is intact, should not have become unseated and disengaged from the valve body . . . by turning the valve handle to the right." The affidavit offers no facts to justify its purported support for plaintiffs' version of how the accident occurred and indeed actually appears significantly at variance with plaintiffs' account. We respectfully differ with the dissent that "[t]here is simply no evidence to support this view that scalding water could somehow transit a solid brass valve stem and injure [Mrs. Machado]" as it ignores plaintiffs' own claim that water leaked from the faucet and valve.

We reject plaintiffs' belated argument that the leak was actually in the wall because it directly contradicts Mrs. Machado's earlier deposition testimony that the water was leaking from both the bathroom faucet and valve (*Gloth v Brusco Equities*, 1 AD3d 294 [2003]).

We also reject plaintiffs' reliance on the co-op's subsequent repair of the valve without charge as proof of its duty to repair, because the lease specifically forbids oral modification and waiver. Even if defendants had a duty to repair the valve, there was no evidence of negligence by the co-op. Concur—Friedman, Marlow and Gonzalez, JJ.

Andrias, J.P., and Catterson, J., dissent in a memorandum by Catterson, J., as follows: It is undisputed that the proprietary lease between the parties places responsibility on defendants for the maintenance and repair of the plumbing fixtures contained within the walls of the premises. Section 5.02 (d) of the lease provides, inter alia, that the tenant is not responsible for repairing or maintaining the "gas, steam, water or other pipes or conduits within the walls, ceiling or floors, or air conditioning or heating equipment which is part of the standard building equipment."

The building manager employed by defendant Clinton Housing Development Company testified that defendant HFDC was responsible for the condition of any of the plumbing located within the walls of the premises. Furthermore, the manager testified that if a pipe broke within a wall, "we would call a

plumber, if it's outside the wall, the shareholder [tenant]." The manager reiterated that even if the problem was "a valve at the riser" connecting to the main water supply in the building, "[i]f it's in the wall I would get a plumber . . . ."

The majority appears to substitute its collective view of the photographic evidence submitted below as superseding the only expert testimony submitted on the summary judgment motions to find the valve in issue outside the wall. Plaintiff submitted the affidavit of a licensed master plumber who inspected the actual fixtures involved in the accident as well as the repaired plumbing in plaintiff's apartment. The expert affirmed that, based upon his observations, the valve in question was located inside the wall itself. This fact is singularly uncontroverted. Regardless of what the valve body may look like to the untrained eye, the undisputed expert testimony contained in the plaintiff's motion for summary judgment is that the valve body was located inside the wall. The mere fact that the valve stem protruded through the wall does not change the valve body's location and defendants' duty under section 5.02 (d) of the proprietary lease. The majority, in direct contravention of the expert's unrebutted testimony, appears to hold that the solid brass valve stem was the source of the hot water which scalded plaintiff. There is simply no evidence to support this view that scalding water could somehow transit a solid brass valve stem and injure plaintiff. The artifice of deus ex machina to bring about a desired outcome, while appropriate in a dramatic context, has no place in the disposition of a summary judgment motion, particularly when there is uncontroverted expert testimony dictating a different result. Therefore, I believe defendants' motion for summary judgment should be denied.

In this case, the issue of the defendants' negligence as the sole factor in plaintiff's injuries cannot be resolved on motion. It is for the jury to determine what responsibility plaintiff bears, if any, for her own injuries, in unscrewing the valve stem from the valve body. Therefore, I would deny plaintiff's motion as well.