■ JULIE K. CICCARELLI et al., Respondents, v COTIRA, INC., Doing Business as SCOTCH 'N SIRLOIN, Appellant. [806 NYS2d 326]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered December 22, 2004 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Julie K. Ciccarelli (plaintiff) when she slipped and fell on a wood floor on defendant's premises. We agree with defendant that Supreme Court erred in denying its motion for summary judgment seeking dismissal of the complaint. Defendant established its entitlement to judgment as a matter of law by demonstrating that, immediately after plaintiff's accident, there was no defective or dangerous condition on the floor (*see Zalko v Sunrise Adult Health Care Ctr.*, 7 AD3d 616, 617 [2004]; *Lincoln v Laro Serv. Sys.*, 1 AD3d 487 [2003]). Although defendant submitted evidence establishing that third parties told plaintiffs that the floor was slippery, that does not establish a basis for liability inasmuch as, "in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be slippery does not support a cause of action to recover damages for negligence" (*Mroz v Ella Corp.*, 262 AD2d 465, 466 [1999]; *see Kruimer v National Cleaning Contrs.*, 256 AD2d 1 [1998]; *Drillings v Beth Israel Med. Ctr.*, 200 AD2d 381 [1994]).

Once defendant established its entitlement to judgment as a matter of law, the burden then shifted to plaintiffs to raise a triable issue of fact to defeat the motion (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Plaintiffs failed to do so. As properly noted by the court, the unsworn statement of

defendant's former employee submitted by plaintiffs was not evidence in admissible form and thus was insufficient to defeat the motion (*see Barilla v Meredith Corp.*, 224 AD2d 992 [1996]; *see generally Grasso v Angerami*, 79 NY2d 813 [1991]). Although plaintiffs submitted an affidavit from an expert architect, "[t]he expert's opinion should have been disregarded as conclusory inasmuch as it was based upon observations of the floor made over [five] years after the accident" (*Kruimer*, 256 AD2d at 1; *see Santo v Astor Ct. Owners Corp.*, 248 AD2d 267 [1998]). In any event, the expert's affidavit "was completely speculative and conclusory, failed to set forth foundational facts, assumed facts not supported by the evidence, and failed to recite the manner in which the [architect] came to his conclusions" (*Ioffe v Hampshire House Apt. Corp.*, 21 AD3d 930, 931 [2005]; *see e.g. Krash v Bishop-Sanzari, J.V.*, 309 AD2d 788, 789 [2003]; *Fields v S & W Realty Assoc.*, 301 AD2d 625 [2003]). Present— Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.