■ ALAN D. OBOLER et al., Appellants, v CITY OF NEW YORK, Respondent. [819 NYS2d 34]—

Judgment, Supreme Court, New York County (Robert D. Lippmann, J.), entered May 3, 2005, dismissing the complaint on defendant's motion after the conclusion of plaintiffs' case at trial, affirmed, without costs.

Plaintiffs brought this action to recover damages for injuries allegedly sustained by Alan Oboler when he tripped and fell over a manhole cover. Plaintiffs do not dispute that defendant had no prior written notice of the alleged hazard, and they failed to submit evidence to raise a triable issue of fact as to whether defendant affirmatively created the defective condition (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]). Furthermore, the mere presence of a covered manhole, absent any indication as to its purpose, does not establish a special use so as to obviate the necessity for notice (*Patterson v City of New York*, 1 AD3d 139 [2003]).

The admission of an expert opinion is a matter within the sound discretion of the court (*see Dufel v Green*, 84 NY2d 795, 797-798 [1995]). An expert's evidence " 'must be based on facts in the record or personally known to the witness' " (*Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 714-715 [2005], quoting *Samuel v Aroneau*, 270 AD2d 474, 475 [2000], *lv denied* 95 NY2d 761 [2000]).

Plaintiffs' expert's testimony, relating to whether defendant created the alleged defective condition, was properly excluded. Although plaintiff's expert indicated that he had reviewed photographs of the manhole cover and plaintiff testified that the photographs accurately represented the condition at the

time of the accident, there was no evidence regarding who took the photographs or when they were taken. In addition, it is impossible to discern from the photographs the height differential between the manhole and the asphalt. Moreover, plaintiff's expert did not visit the scene until four years after the accident. Thus, his opinion would have been based on pure speculation (*see Saborido-Calvo v New York City Tr. Auth.*, 11 AD3d 216 [2004]; *see also McGarvey v Bank of N.Y.*, 7 AD3d 431 [2004] [affidavit of plaintiff's expert who examined door more than two years after plaintiff's accident was not probative of whether door revolved at hazardous speed at time of accident]; *Kruimer v National Cleaning Contrs.*, 256 AD2d 1 [1998] [expert's opinion should have been disregarded as conclusory inasmuch as it was based on observations of floor made over two years after accident]; *Figueroa v Haven Plaza Hous. Dev. Fund Co.*, 247 AD2d 210 [1998] [court properly rejected as conclusory that part of expert's affidavit based on observation of walkway two years after accident]).

We further observe that there was no evidence as to when or whether the street—where the manhole cover was located—had been repaved, much less whether any such work had been negligently performed, or as to how long the allegedly defective condition existed. Accordingly, the court properly dismissed the complaint at the conclusion of plaintiff's case at trial. Concur—Marlow, Sullivan and Malone, JJ.

Saxe, J.P., and Gonzalez, J., dissent in a memorandum by Saxe, J.P., as follows: I would reverse, reinstate the complaint, and remand for a new trial. Plaintiffs should have been permitted to present the proposed expert testimony in order to satisfy their burden of establishing the existence of a defect and defendant City's responsibility for creating the defect. Furthermore, the complaint should not have been dismissed at the close of plaintiffs' case.

Plaintiff Alan Oboler alleges that he tripped and fell over elevated pavement surrounding a manhole cover located on Madison Avenue between 92nd Street and 93rd Street. He had just exited a taxicab and started to cross the street, but fell when his foot struck and snagged on the raised asphalt surrounding the manhole cover. He stated that the section of asphalt he tripped on was five or six inches across and two to three inches in height, and photographs were admitted into evidence which, according to plaintiff, portrayed the appearance and condition of the manhole cover and the section of asphalt surrounding it at the time of his accident.

The intended testimony of plaintiffs' expert, as reflected in

his report, included his initial assessment that the condition of the area was substantially the same on the date he inspected it as it was at the time of the accident, based upon his comparison of photographs taken shortly after the accident with his own observations and with additional photographs he took at the time of his inspection. He was further prepared to state that the asphalt where plaintiff tripped rose approximately 1$\frac{1}{2}$ inches above the manhole casting, in violation of the New York City Administrative Code (§ 19-147 [d]), which required that street paving be flush with manhole covers. He asserted that this height differential was created when Madison Avenue was resurfaced.

The trial court granted defendant's application to preclude this expert from testifying, reasoning that an inspection of the accident site years after the accident was insufficient to establish that he had a sufficient basis to give expert testimony in the matter. While the trial court has discretion as to the admission of expert testimony (*see Dufel v Green*, 84 NY2d 795, 797-798 [1995]), the trial court's preclusion of this expert was unwarranted, and not a proper exercise of discretion. The court's ruling was not based upon the substance of the expert's intended testimony, but merely on the passage of time between the incident and the expert's inspection of the site. However, the passage of time between the incident and the expert's inspection is irrelevant here, and his assessment of the condition is as relevant as if he had made his observations at the time the original photographs were taken. As I have previously observed, while there are certainly complained-of defective conditions which cannot logically be proved by observations made long after an accident, in instances such as the present case, it can easily be established that the complained-of condition was substantially similar to that observed months or years later, and in such instances the passage of time need not invalidate the expert's opinion (*see McGarvey v Bank of N.Y.*, 7 AD3d 431, 433-434 [2004] [Saxe, J., dissenting]). Here, since the condition of the street was shown to be substantially the same as at the time of the accident, the court's ground for precluding the testimony should be rejected.

The majority on this appeal affirms the preclusion of the expert's testimony on the ground that it "would have been based on speculation" (citing *Saborido-Calvo v New York City Tr. Auth.*, 11 AD3d 216 [2004]). However, the *Saborido-Calvo* case has no application here. There, this Court affirmed dismissal of a complaint by a plaintiff who had landed on an elevated subway track and was hit by a train, characterizing as

speculation the conclusion of the plaintiff's expert that the train could have come to a complete stop before hitting the plaintiff; the expert had based his calculations solely upon the train operator's statement that he observed a body on the roadbed when the train was approximately halfway into the station (*id.*).

Here, on the other hand, the expert's conclusion that the roadway was defective was supported by photographs of the alleged defective condition in the road, taken shortly after the accident, to which the expert could compare his own photos taken years later, as well as his own observations of the essentially unchanged condition of the road.

In the event the "speculation" the majority refers to is the expert's conclusion that the City had repaved the roadway in question, I disagree with the characterization. The expert was capable of offering an opinion that the street in question had been repaved. The streets are owned by the City. When they are paved, the work is either performed by or at the behest of the City, or else the entity performing the work does so pursuant to a permit issued by the City.

Indeed, in *Cruz v City of New York* (218 AD2d 546 [1995]), this Court found that an issue of fact as to whether the City had created a hazardous roadway condition was presented by an engineer's affidavit stating that the lack of expansion joints led to a rippled road surface; the Court observed that the City "[did] not maintain that anyone else was responsible for repaving the road surface" (*id.* at 548).

The information as to who paved the road in question is entirely in the possession and control of defendant City, which, in response to discovery demands as to documents concerning the paving of the block in question, provided exactly nothing. "[T]here are times when a defendant's own inaction or omission, such as a failure to produce demanded, relevant records, may entitle a plaintiff to an inference that such evidence, if produced, would support the plaintiff's position" (*Baez v City of New York*, 278 AD2d 83, 84 [2000] [Saxe, J., dissenting]). The expert's conclusion that the City was responsible for the negligent paving was based on a proper inference, sufficient to allow his opinion to be presented to the jury. The jury would then, in turn, have the option to make, or reject, the same inference.

Just as the City's failure to provide documents should not have resulted in the expert's opinion being termed speculative, plaintiffs' inability to present documentation establishing that the City affirmatively created the defect should not have warranted a dismissal at the close of plaintiffs' case. Although dis-

missal based upon the lack of documentation of the City's creation of the defect is in fact supported by this Court's holding in *Baez v City* (*supra*), I maintain this case, like *Baez*, is wrongly decided.

In *Baez* (*supra*), the claimed defect was in the slope of a "curb cut," and the City indicated that it had no record of contracts, permits, or other documentation regarding the sidewalk construction for a period going back almost 30 years; yet, the majority, wrongly, in my view, affirmed the dismissal of the complaint since the plaintiff "failed to make a prima facie showing that defendant City had written notice of or created any defect in the sidewalk" (*id.* at 83). Here, as in *Baez*, the City provided no documents in response to a subpoena for any documents having to do with repairing or paving the street. Here, too, the area in question, in this case the street, belongs to the City, and either the negligent paving was done by some other entity pursuant to a permit, or it was done by the City itself. Evidence is presented that the paving was performed in a negligent manner, not in conformity with applicable regulations. And yet, here, too, the majority nonsuits plaintiffs for their inability to obtain *from defendant* documents establishing that *defendant itself* negligently repaved the street, or else that some other entity did so.

In the present case, as in *Baez* (*supra*), where there is reason to conclude that negligent repaving had occurred, the City's failure to provide documentation demonstrating that the repaving work was performed by another entity, should have been left for the jury to decide whether it should be inferred that the City performed the work which created the defect.