Order, Supreme Court, New York County (Walter B. Tolub, J.), entered May 21, 2008, which, in an action for personal injuries sustained when plaintiff, a newspaper deliverer, fell while descending a stairway in defendant’s apartment building, denied defendant’s motion for summary judgment dismissing the complaint, affirmed, without costs.
*312 A triable issue of fact is raised by plaintiffs averment that, as she was carrying newspapers under her left arm, she slipped and tried to grab onto a handrail with her right hand, but there was no right-sided handrail, combined with plaintiffs’ expert’s unchallenged statement that the absence of a handrail on the stairway’s right wall was a significant and dangerous departure from accepted standards and the applicable building code (see Cruz v Lormet Hous. Dev. Fund Corp., 7 AD3d 660 [2004], citing, inter alia, Courtney v Abro Hardware Corp., 286 App Div 261 [1955], affd 1 NY2d 717 [1956]). Plaintiffs affidavit in opposition in this regard, while amplifying her previously given deposition testimony, is entirely consistent with it, and we reject defendant’s argument that the handrail issue is feigned. Concur—Saxe, J.P, Renwick and Freedman, JJ.
Sweeny and McGuire, JJ., dissent in part in a memorandum by McGuire, J., as follows: I agree with the majority that triable issues of fact exist as to plaintiff’s claim that defendant negligently failed to have handrails on both sides of the staircase plaintiff was descending at the time her accident occurred. I disagree, however, with the majority’s disposition of this appeal since it fails to grant partial summary judgment to defendant dismissing other claims of negligence asserted by plaintiff. Accordingly, I dissent in part.
Plaintiff slipped and fell while descending a staircase in a building owned by defendant. According to both her deposition testimony and affidavit, plaintiff slipped on either the third or fourth stair. Plaintiff, and her husband derivatively, commenced this negligence action against defendant, and defendant moved for summary judgment dismissing the complaint in its entirety. Supreme Court denied the motion.
While triable issues of fact exist regarding the claim based on the absence of handrails on each side of the staircase, the claims of negligence based on the condition of the stairs themselves, i.e., that there was liquid or debris on the stairs, that the stairs lacked a nonskid surface and that the pitch of certain of the stairs was too steep, are so bereft of factual support as to be wholly speculative (see Pluhar v Town of Southampton, 29 AD3d 975 [2006]; Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434 [2006]). Neither plaintiff nor her husband identified what caused plaintiff to slip. Although plaintiff averred that she was certain she had not “los[t] [her] footing by tripping over [her]self,” she did not offer any evidence otherwise excluding the possibility that she slipped of her own accord. Rather, she expressly testified that she did not know what had caused her to slip. Nonetheless, plaintiff claims that a number of hazards *313 caused her to slip: the presence of liquid and dust on the stairs, the absence of a nonskid surface on the stairs and the pitch of the stairs.
While plaintiffs husband took pictures of the stairs shortly after the accident and one of those pictures displayed a substance in the corner of one of the stairs, plaintiff never testified or averred that the substance caused her to slip. Furthermore, plaintiff testified that she was walking down the middle of the stairs at the time the accident occurred, yet the substance was in a corner of one of the stairs. In fact, plaintiff stated in her affidavit that she was not asserting that she slipped on the liquid shown in the picture.
Additionally, plaintiff offered no evidence that she slipped on dust, or that the absence of a nonskid surface or the pitch of the stairs caused her to slip. Plaintiffs’ expert’s conclusion that the stairs were dangerous because they did not have a nonskid surface is speculative because it is based on an inspection conducted three years and one month after the accident (see Machado v Clinton Hous. Dev. Co., Inc., 20 AD3d 307 [2005]; Kruimer v National Cleaning Contrs., 256 AD2d 1 [1998]). Similarly, the claim based on the pitch of the stairs rests on nothing more than speculation. Plaintiff offered no evidence of the pitch of the stairs on the day of the accident (see Garcia v The Jesuits of Fordham, 6 AD3d 163, 166 [2004]; Figueroa v Haven Plaza Hous. Dev. Fund Co., 247 AD2d 210 [1998]; see also Van Skyock v Burlington N.-Santa Fe Co., 265 AD2d 545 [1999]), and no evidence that the pitch of the stairs did not or could not change during the three-year, one-month period between the accident and plaintiffs’ expert’s inspection. The absence of any such evidence is especially significant because plaintiffs’ expert only opined that the pitches of the first and fourth stairs, respectively 1.5 and .7 degrees, were dangerous, not that the pitch of the third stair, .5 degrees, was dangerous. Thus, if the pitch of the fourth stair increased only slightly over that period of more than three years, even plaintiffs’ expert would have to conclude that it was not dangerous at the time of the accident. The jury therefore would have to speculate that (1) plaintiff did not slip of her own accord, (2) plaintiff slipped on the fourth stair, and (3) the pitch of the fourth stair was dangerous on the day of the accident. In sum, this claim is based on nothing more than inferences piled on inferences.
In affirming an order that denied defendant’s motion for summary judgment dismissing the complaint in its entirety, the majority, while discussing only the claim based on defendant’s failure to have handrails on both sides of the staircase, leaves all of *314 plaintiffs claims of negligence in the action. The majority’s disposition is erroneous because, for the reasons stated above, defendant is entitled to summary judgment dismissing the claims based on the presence of liquid or debris on the stairs, the absence of a nonskid surface on the stairs and the pitch of certain of the stairs (see CPLR 3212 [e] [“In any . . . action (other than a matrimonial action) summary judgment may be granted as to one or more causes of action, or part thereof, in favor of any one or more parties, to the extent warranted, on such terms as may be just”]). As we have observed, “the partial summary judgment procedure affords the opportunity of promptly settling issues which can be disposed of as a matter of law, and furthermore, furnishes a means for the withdrawing from the case of sham and feigned issues of fact and of law which might have a tendency to confuse and complicate the trial” (Janos v Peck, 21 AD2d 529, 531 [1964], affd 15 NY2d 509 [1964]). For these reasons, “ ‘the partial summary judgment procedure should be fully utilized’ ” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:30, at 39, quoting Janos, 21 AD2d at 531). In this case, partial summary judgment should be granted to remove from the action the “sham and feigned” issues regarding the condition of the stairs and whether plaintiff slipped as a result of the condition of the stairs, and narrow the issues to be tried to the genuine issues presented—whether defendant negligently failed to have handrails on both sides of the staircase and, if so, whether that negligence was a proximate cause of plaintiffs injuries.
If the majority believes—it certainly does not say so—that triable issues of fact were raised by plaintiff that preclude partial summary judgment in favor of defendant on plaintiffs claims based on the condition of the stairs, it should identify those triable issues of fact. Alternatively, if the majority believes that no triable issue of fact was raised by plaintiff that would preclude partial summary judgment on these claims, it should explain why it nonetheless refuses to grant partial summary judgment to defendant. The majority’s failure to do either, i.e., identify a triable issue of fact with respect to the condition of the stairs or explain why it nonetheless refuses to grant partial summary judgment, is bewildering and manifestly unfair to defendant.