■ PAMELA MOORE, Appellant, v 158 ST. RIVERSIDE DRIVE HOUSING CO., INC., Respondent, et al., Defendant. 158 ST. RIVERSIDE DRIVE HOUSING CO., INC., Third-Party Plaintiff-Respondent, v EDWIN GOULD FOUNDATION FOR CHILDREN, INC., Third-Party

Defendant, and EDWIN GOULD SERVICES FOR CHILDREN, Sued Herein as EDWARD GOULD SERVICES FOR CHILDREN, et al., Third-Party Defendants-Respondents. 158 ST. RIVERSIDE DRIVE HOUS-ING CO., INC., Second Third-Party Plaintiff-Respondent, v KINGS-LAND SERVICE FUND, INC., Second Third-Party Defendant-Respondent. [873 NYS2d 569]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered on or about August 14, 2007, which insofar as appealed from as limited by the briefs, granted defendant/third-party plaintiff's motion for summary judgment dismissing plaintiff's claim for common-law negligence, unanimously affirmed, without costs.

The court properly dismissed plaintiff's claim for common-law negligence. In support of summary judgment, defendant asserted that it had no duty to plaintiff, citing the occupancy agreement for the cooperative unit, which placed the duty to maintain and repair the light fixtures on the unit owner, not on defendant, the owner of the building. Plaintiff, an employee of the lessee of the unit, third-party defendant Edwin Gould Services for Children, who was injured when she attempted to change a light bulb, failed to offer any evidence to rebut defendant's prima facie showing of entitlement to summary judgment (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to plaintiff's contention, the record shows that defendant sought dismissal of plaintiff's entire complaint in the main body of its moving papers, not for the first time in its reply papers. Concur—Friedman, J.P., Gonzalez, Buckley and Renwick, JJ. [See 2007 NY Slip Op 32501(U).]