636 Apartment Associates, J.V., Respondent, v Fleetridge East Owners, Inc., Appellant. [32 NYS3d 216]—

In an action, inter alia, to recover money damages and for declaratory relief, the defendant appeals from so much of an order of the Supreme Court, Westchester County (DiBella, J.), dated November 25, 2014, as denied that branch of its motion which was for summary judgment dismissing the first cause of action and, in effect, declaring that it does not have an unconditional obligation to repair the subfloors in the plaintiff's apartments at the subject property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the first cause of action and, in effect, declaring that it does not have an unconditional obligation to repair the subfloors in the plaintiff's apartments at the subject property is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant does not have an unconditional obligation to repair the subfloors in the apartments at 636 North Terrace Avenue,

Mount Vernon, New York, which are the subject of the proprietary lease between the defendant and the plaintiff.

The plaintiff, 636 Apartment Associates, J.V., is the proprietary lessee of 16 apartments, including apartment 5B, in a building in Westchester County owned by the defendant, Fleetridge East Owners, Inc. The defendant is the proprietary lessor of the apartments. In August 1998, the parties entered into an agreement (hereinafter the proprietary lease) which governs the respective duties and obligations of each of the parties with respect to, inter alia, maintenance and repair of the building and the apartments. Pursuant to the proprietary lease, the plaintiff agreed to take possession of the apartments at issue, along with their appurtenances and fixtures, "as is," and "in their current condition," and to "keep the interior of the apartment[s] (including . . . floors . . . ) in good repair."

As is relevant to this appeal, the plaintiff informed the defendant that wood flooring in certain sections of apartment 5B had become warped and buckled. The plaintiff contended that the defendant was obligated to pay for the replacement of all the subfloors and all the wood floors in apartment 5B, claiming, in effect, that the defendant had failed to maintain the subfloors in violation of the proprietary lease. The defendant maintained that any buckling or warping of sections of the wood flooring in apartment 5B resulted from repeated washing of the carpeting, not from a problem with the subfloor. Nonetheless, the defendant informed the plaintiff that it would inspect and make any needed repair to any section of the subfloor that needed such repair. Notwithstanding, the plaintiff replaced the entire subfloor and wood flooring throughout the entire apartment without providing the defendant the opportunity to inspect the subfloor before doing so. Thereafter, the plaintiff commenced this action against the defendant for, inter alia, a declaratory judgment and a money judgment for costs the plaintiff incurred in replacing the subfloors and floors in apartment 5B and its anticipated costs for repair of the subfloors and floors in its remaining apartments. The first cause of action in the complaint sought, in effect, (1) a judicial declaration that it is the defendant's unconditional obligation to repair the subfloors in all of the plaintiff's apartments; (2) a preliminary injunction mandating the defendant to repair all the subfloors, where necessary; and (3) money damages to reimburse the plaintiff for expenses incurred by it "in effecting repairs in each of the Apartments." The defendant then moved for summary judgment dismissing the complaint and, in effect, declaring that it does not have an unconditional obligation to repair

the subfloors in the plaintiff's apartments. The Supreme Court, inter alia, denied the branch of the motion which related to the first cause of action, and the defendant appeals from that portion of the order. We now reverse the order insofar as appealed from.

On that branch of its motion which was for summary judgment with respect to the first cause of action, which alleged, inter alia, breach of a proprietary contract, the defendant had the initial burden of establishing that it is not responsible for repairing the floors or subfloors at issue and it did not fail to maintain in good repair the subfloors (*see e.g. Machado v Clinton Hous. Dev. Co., Inc.*, 20 AD3d 307, 307-308 [2005]; *see also Moore v 158 St. Riverside Dr. Hous. Co., Inc.*, 59 AD3d 245, 246 [2009]).

Contrary to the Supreme Court's determination, the defendant established, prima facie, its entitlement to judgment as a matter of law as to the first cause of action. Summary judgment may be granted where a clause in a proprietary lease places the obligation for the maintenance and repair at issue on one party and not on the other (*see Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861-862 [2007]; *see e.g. Nussbaum v 150 W. End Ave. Owners Corp.*, 76 AD3d 914, 915 [2010]). Here, the defendant met its prima facie burden of showing its entitlement to judgment as a matter of law by submitting a copy of the proprietary lease, which provides, pursuant to paragraph 18 (a) thereof, that the plaintiff purchased the apartments in "as is" condition and is responsible for "keep[ing] the interior of the apartment[s] (including . . . floors . . . ) in good repair" (*see Nussbaum v 150 W. End Ave. Owners Corp.*, 76 AD3d at 915; *DD & TJ, Inc. v Estate of Goldman*, 33 AD3d 497, 497 [2006]). Furthermore, the clause in the propriety lease which obligated the defendant to "keep in good repair all of the building" did not prevent the defendant from establishing its prima facie entitlement to judgment as a matter of law (*see e.g. Machado v Clinton Hous. Dev. Co., Inc.*, 20 AD3d at 308). Although it is undisputed that the defendant's obligation to keep the building in good repair extended to the subfloors, the defendant demonstrated that it did not violate this condition since the plaintiff failed to provide it with any competent proof that the subfloors in apartment 5B or the other apartments needed to be repaired (*see e.g. Matter of McKownville Fire Dist. v Bryn Mawr Bookshop*, 54 AD2d 371, 376 [1976]). Under such circumstances, the defendant established, prima facie, that it did not violate its obligation in the proprietary lease with respect to "keep[ing] in good repair"

the subfloors in the building (*see e.g. Jaffe v New York City Tr. Auth.*, 52 AD3d 784, 784 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Machado v Clinton Hous. Dev. Co., Inc.*, 20 AD3d at 307-308). The plaintiff's contention that an issue of fact exists as to whether the subfloors—installed 44 years prior to the commencement of this action—are defective and damaged the floors fails to rebut the defendant's prima facie showing of entitlement to judgment as a matter of law, as the proprietary lease expressly provides that the plaintiff took possession of the apartments at issue "as is," and "in their current condition" (*see DD & TJ, Inc. v Estate of Goldman*, 33 AD3d at 497).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment with respect to the first cause of action. Since this is, in part, a declaratory judgment action, this matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant does not have an unconditional obligation to repair the subfloors in the plaintiff's apartments (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.