Matter of Williams (2022 NY Slip Op 00263)





Matter of Williams


2022 NY Slip Op 00263


Decided on January 13, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 13, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


File No. 2554B/12 Appeal No. 15058 Case No. 2021-00796 

[*1]In the Matter of Lucille B. Williams, As Grantor. David Williams et al., Petitioners-Appellants, Claire Fisher Martino Also Known as Claire Fisher Sordoni etc., Respondent-Respondent.


Farrell Fritz, P.C., Uniondale (Eric W. Penzer of counsel), for appellants.
Markewich and Rosenstock LLP, New York (Lawrence M. Rosenstock of counsel), for respondent.



Decree, Surrogate's Court, New York County (Nora S. Anderson, S.), entered on or about December 3, 2020, which, to the extent appealed from, after a jury trial, dismissed the petition to revoke the Restatement of Lucille B. Williams 2007 Trust dated March 20, 2009 (the Restatement) on the ground of undue influence, unanimously affirmed, with costs.
Petitioners, grantor Lucille's five stepchildren, were not entitled to a charge on the existence of a confidential relationship between Lucille and respondent Claire as a matter of law. Claire was, along with her mother Lucille, co-trustee of the trust at issue, and their close familial relationship counterbalances any legal presumption of undue influence (Matter of Walther, 6 NY2d 49, 56 [1959]; Matter of Swain, 125 AD2d 574, 575 [2d Dept 1986], lv denied 69 NY2d 611 [1987]). Nor were petitioners entitled to submit the issue of a confidential relationship to the jury as a question of fact. Claire was Lucille's only living child, and it makes sense that, after the tragic death of Lucille's son, she would help Lucille with, among other things, her health and finances and would take on the positions of co-trustee, attorney in fact, and health care proxy that Lucille's son had held. Moreover, the language of the trust supports the court's conclusion that Claire was trustee "in name only," as Lucille retained the right to change the co-trustee and the terms of the trust.
Viewing the charge as a whole, and in light of the evidence presented, we see no indication that the court's unnecessary reference to its prior determination on summary judgment that Lucille had the mental capacity to sign the Restatement, or its refusal to instruct the jury that it could consider her grief over the death of her son, negatively influenced the jury's determination (see Nestorowich v Ricotta, 97 NY2d 393, 400 [2002]; Matter of Chi-Chuan Wang, 162 AD3d 447, 449 [1st Dept 2018], lv denied 32 NY3d 904 [2018]; see CPLR 2002). This is particularly true in light of Lucille's attorneys' testimony that she was alert and seemed to know what she was doing when she executed the Restatement and that she explained to them why she wanted Claire to be the sole beneficiary of the trust and no longer wanted the stepchildren to be additional beneficiaries. Lucille's home health aid also testified that she never heard Lucille complain that Claire was pressuring her or prevented her from doing something she wanted to do.
The court providently exercised its discretion in precluding petitioners' expert psychiatrist, who did not examine Lucille and had no personal knowledge of her condition, from testifying as to hearsay statements in deposition testimony of those who did not testify at trial (Oboler v City of New York, 31 AD3d 308 [1st Dept 2006], affd on other grounds, 8 NY3d 888 [2007]). To the extent petitioners contend that their counsel was improperly prohibited from asking certain hypothetical questions, the court allowed numerous questions [*2]based on hypotheticals (see Tarlowe v Metropolitan Ski Slopes, 28 NY2d 410, 414 [1971]; Horn v New Jersey Steamboat Co., 23 App Div 302, 305-306 [1st Dept 1897]; see CPLR 4515). Even assuming some testimony was erroneously excluded, petitioners have not shown that they were prejudiced, as they were able to elicit, among other things, testimony that Lucille suffered from increasing cognitive decline and limited hallucinations.
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2022