Figueroa v City of New York (2022 NY Slip Op 06748)

Figueroa v City of New York

2022 NY Slip Op 06748

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Index No. 303585/12 Appeal No. 16744 Case No. 2022-02418 

[*1]Carmen Figueroa, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent, Triumph Construction Corp., Defendant.

Greenberg & Stein, P.C., New York (Ian Asch of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kevin Osowski of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 14, 2021, which granted defendant City of New York's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The City established its entitlement to summary judgment by demonstrating that it did not receive prior written notice of the defect that allegedly caused plaintiff's injuries. The 2003 Big Apple Map purporting to show the defect was remote in time from the date of the 2011 accident, and it cannot be determined whether the pothole shown on the 2003 map was the same pothole that caused plaintiff's accident eight years later (see Foley v City of New York, 151 AD3d 431, 433 [1st Dept 2017]; Patterson v City of New York, 1 AD3d 139, 140 [1st Dept 2003]). On the contrary, the City submitted evidence that on numerous occasions over that eight-year period, it had made pothole repairs to the roadway where plaintiff fell (see Silverio v City of New York, 100 AD3d 543, 543 [1st Dept 2012]). Moreover, the City submitted an affidavit by the deputy director of the Department of Transportation, stating that any time a crew was sent in response to a complaint, the head of each repair crew was required to inspect the entire block for defects and that the crew was required to repair any defects that were found to be present when the inspection was done.
In response to the City's prima facie showing that it had no prior written notice of a defect, plaintiff failed to present evidence showing one of the two exceptions to the prior written notice requirement — namely, that the condition of the roadway immediately resulted from an affirmative act of negligence by the City (see Rosenblum v City of New York, 89 AD3d 439, 439-440 [1st Dept 2011]), or that a special use resulted in a special benefit to the City (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022