Acevedo v City of New York (2026 NY Slip Op 01120)

Acevedo v City of New York

2026 NY Slip Op 01120

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Index No. 20593/20|Appeal No. 5938|Case No. 2024-07910|

[*1]Ruth Acevedo, Plaintiff-Appellant,
vThe City of New York et al., Defendants-Respondents.

Greenberg Law, P.C., New York (Joseph P. DePaola of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered November 27, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendant the City of New York for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The City established its entitlement to summary judgment as a matter of law by demonstrating that it did not receive prior written notice of the defect that allegedly caused plaintiff's injuries. The deposition testimony from an employee of the Department of Transportation's (DOT) records department, the affidavit of the Director of the Division of Bronx Roadway Repair and Maintenance, and the DOT records themselves establish that on February 26, 2019, about two months before plaintiff's accident, the DOT repaired five potholes pursuant to a defect number reporting a defect near the subject location. That defect number was then referred to the DOT's Street Maintenance Division, which dispatched a crew to the location on March 4, 2019, to repair nine potholes. Moreover, the City submitted an affidavit by the Director of the Division of Bronx Roadway Repair and Maintenance stating that all defective conditions found by the supervisor on the segment would be repaired to ensure that the specific defective condition identified in the complaint was addressed (see Figueroa v City of New York, 210 AD3d 584, 584-585 [1st Dept 2022]). The DOT inspection reports created in preparation for special events and pertaining to the vicinity of the accident location, which indicate that the DOT found potholes in the roadway on September 30, 2017 and September 29, 2018, about seven months before plaintiff's May 1, 2019 accident, and that those potholes were not repaired at that time, did not raise a triable issue of fact as to prior written notice in light of the evidence submitted by the City that the potholes in the vicinity of the accident were repaired in February and March of 2019.
In response to the City's prima facie showing that it had no prior written notice of a defect, plaintiff failed to present evidence showing one of the two exceptions to the prior written notice requirement — namely, that the condition of the roadway immediately resulted from an affirmative act of negligence by the City (see Rosenblum v City of New York, 89 AD3d 439, 439-440 [1st Dept 2011]), or that a special use resulted in a special benefit to the City (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]). "Additionally, the affirmative negligence exception is limited to work by the city that immediately results in the existence of a dangerous condition" (Yarborough, 10 NY3d at 728, quoting Oboler v City of New York, 8 NY3d 888, 889 [2007]). Here, plaintiff presented no evidence showing that the City affirmatively created the crack in the roadway when it last repaired the potholes at the location of the accident or any evidence of the condition of the roadway immediately after the City repaired the accident location (see Jones v City of New York, 159 AD3d 571, 572 [1st Dept 2018]).
Furthermore, Supreme Court properly found that plaintiff's expert affidavit, opining that the alleged crack in the roadway was immediately apparent because the DOT used two different and incompatible materials, was not probative of the accident site's condition on the date of the accident, given that the engineer never inspected the accident location (see Chiu Shing Tsang v Ng, 235 AD3d 460, 461 [1st Dept 2025]). Although plaintiff's expert indicated that he reviewed photographs of the crack, and plaintiff testified that the photographs accurately represented the condition at the time of the accident, there is no evidence regarding who took the photographs or when they were taken (see Oboler v City of New York, 31 AD3d 308, 308-309 [1st Dept 2006], affd 8 NY3d 888 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026